Law Library

FILED
~~~~~~ COURT

2012 JUN 19 AM 10: 39

CLERK OF COURT
BY.

## IN THE SUPERIOR COURT OF GUAM

HYE KYUNG LEE,                  )        CIVIL CASE NO. CV0211-10
                                    )
                Plaintiff,    )
                                    )       **DECISION AND ORDER**
                                    )
           v.                    )
                                    )
GIN HAI SHAN PARTNERSHIP;    )
RONALD SU; ELLEN'S REALTY; and   )
THOMAS ZHANG               )
                                    )
                Defendant.    )
                                    )

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 14th day of October, 2011, for hearing on the Plaintiff's Motion for Summary Judgment. Attorney Phillip Torres represented the Plaintiff, Hye Kyung Lee; Attorney Jeffrey Cook appeared on behalf of Defendants Gin Hai Shan Partnership (GHSP) and Ronald Su; and Attorney Charles McDonald appeared on behalf of Defendants Ellen's Realty and Thomas Zhang. The Court now issues the following Decision and Order on the matter presented.

## BACKGROUND

This case arises out of a dispute over a lease agreement involving unit twelve of the Fountain Plaza in Tumon, Guam, where the Plaintiff sought to establish a billiards hall and bar. On February 11, 2010, the Plaintiff filed a complaint for Fraud and Deceit, Breach of Contract,

Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress and Conversion, requesting relief in the form of damages. The Plaintiff maintains that after being informed that GHSP is the landlord of the Fountain Plaza location, she met with Alex Wang and other GHSP staff at their office in the Royal Orchid Hotel. It was Plaintiff's belief and understanding that Wang was the property manager for unit twelve. On November 10, 2009, Wang ordered the preparation of the lease agreement for unit twelve in GHSP's name. Upon execution of the agreement, the Plaintiff provided a security deposit in the amount of nine-thousand dollars ($9,000). The Plaintiff was given access to the unit and expended roughly thirty-thousand dollars ($30,000) in renovations. The Plaintiff alleges that less than one month later, Defendant Ronald Su, the managing partner of GHSP, demanded that the Plaintiff vacate the premises or agree to significant changes in the signed lease agreement. Su stated that Wang was not authorized to make the original lease agreement. On December 18, 2009, David Su, also a partner of GHSP, appeared at the site and demanded that all renovations cease. Renovations ceased, the workers were removed, and the site was secured by GHSP on that date. The Defendants GHSP and Su deny that Alex Wang had the authority to enter into the lease agreement on behalf of GHSP and as a result the lease agreement was not valid. On January, 14, 2011, the Plaintiff filed a motion requesting summary judgment "in favor of Plaintiff." (Plaintiff's Motion for Summary Judgment pg. 1) The Plaintiff's motion does not specify for which claim summary judgment is being sought. Because the evidence submitted pertains only to the Plaintiff's breach of contract claim, the Court will only address that claim.

## DISCUSSION

### A. Procedural Compliance

Pursuant to Rule 7.1(d)(1) of the Local Rules of the Superior Court of Guam (CVR), "[t]he

opposing party shall, not less than fourteen (14) days preceding the noticed date of oral argument, serve upon all parties and file with the clerk . . . a memorandum in support thereof containing the points and authorities upon which the opposing party relies." CVR 7.1(d)(1). In the present case, oral argument was scheduled for October 14, 2011. Under CVR 7.1, the cut-off date for the Defendants' opposition was September 30, 2011. The Defendants GHSP and Su filed their opposition on October 6, 2011. Therefore, the Defendants' opposition is untimely and pursuant to CVR 7.1(k), the Court need not consider it. However, even if the Court ignores the defect in the Defendants' opposition and addresses the merits of this case, the Court must still grant summary judgment on the merits of the Plaintiff's breach of contract claim.

**B. Summary Judgment**

Under Rule 56 of the Guam Rules of Civil Procedure (GRCP), summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P 56(c). The initial burden is on the moving party and the court must review the facts in the light most favorable to the non-moving party. Izuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10 ¶ 8. However, if the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence showing that there is a genuinely disputed issue of material fact that must be determined at trial. Id.

A genuine issue exists when there is "sufficient evidence" establishing a factual dispute requiring resolution by a fact-finder. Id. (citing T.W. Elec. Serv., Inc v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987)). The factual dispute must concern a

"material fact." Id. Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome it is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under Rule 56, the moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Kim v. Hong, 1997 Guam 11 ¶ 6 (citing Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. However, there can be no "genuine issue of material fact" if there is a complete failure of proof concerning an essential element of a party's case, since such failure renders all other facts immaterial. Id. at 323. Moreover, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the present case, it is undisputed that the Plaintiff sought out a retail location to establish a billiards parlor and hall in Tumon, Guam . (Plaintiff's Decl. ¶ 4). In doing so, the Plaintiff contacted Defendants Ellen's Realty and established a relationship with Realtor Thomas Zhang. (Plaintiff's Decl. ¶ 5). Zhang showed the Plaintiff various retail spaces including unit twelve of the Fountain Plaza. (Plaintiff's Decl. ¶ 5). The Plaintiff was informed that GHSP was the landlord of the Fountain Plaza. (Plaintiff's Dec. ¶ 5). On November 10,

2009, the Plaintiff then met with Alex Wang. (Plaintiff's Decl. ¶ 7). The meeting took place at an office at the Royal Orchid Hotel. (Plaintiff's Decl. ¶ 7). After negotiating modifications to the unit, the Plaintiff and Alex Wang reached an agreement to lease unit twelve of the Fountain Plaza. (Plaintiff's Decl. ¶ 8). A lease agreement was then prepared at Alex Wang's direction. (Plaintiff's Decl. ¶ 8). As a result, the Plaintiff provided a $9,000.00 security deposit in Defendant GHSP's name. (Plaintiff's Exhibit A). The check was received by Alex Wang. (Plaintiff's Decl. ¶ 9). The Plaintiff was then given access to the unit and expended thousands of dollars in renovations. (Plaintiff's Decl. ¶ 9). Plaintiff's access to the unit was then revoked by GHSP on December 18, 2009. (Plaintiff's Decl. ¶ 13).

Defendant Su contends that there are significant facts in dispute regarding Wang's relationship with the Defendant GHSP. First, he denies that Alex Wang was authorized to represent GHSP in any business transactions. (Affidavit of Ronald Su ¶ 5). Next, Su denies ever having or maintaining an office at the Royal Orchid Hotel. (Affidavit of Ronald Su ¶ 7). Lastly, Su denies that Alex Wang was ever an employee or agent of GHSP. (Affidavit of Ronald Su ¶ 7). However, an issue of material fact only exists when there is "sufficient evidence" of a disputed fact requiring resolution by a fact-finder. Izuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10 ¶ 8 (citing T.W. Elec. Serv., Inc v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987)).

The Plaintiff maintains that there is no disputed issue because Wang had apparent and express authority to act as an agent for GHSP in the letting of unit twelve. The issues of whether Wang possessed the authority to act as an agent for GHSP and whether his actions bind GHSP are governed under the relevant laws of agency.

"The general rule regarding a principal's liability to third persons for the acts of his agent, as regards contractual (non-tort) liability, rests upon the determination of whether the acts of the agent were committed in the principal's behalf and within the actual or apparent scope of the agent's authority." Northern Assur. Co. of America v. Summers, 17 F.3d 956, 960 (7th Cir. 1994) (quoting Clark v. Milliken Mortg. Co., 495 N.E.2d 544, 547 (Ind.App.1986). Guam has codified this two-part rule regarding contractual liability as Title 18 GCA § 20308, which provides; "[a]n instrument within the scope of his authority by which the agent intends to bind the principal, does bind him if such intent is plainly inferable from the instrument itself." Thus, in order to determine whether GHSP was bound by the lease agreement, the court must answer two questions: (1) did Wang execute and negotiate the lease agreement on behalf of GHSP, with an intent to bind them; and (2) if Wang was acting as an agent of GHSP, did he act within the scope of authority granted to him by negotiating and executing the lease agreement.

On the one hand, Defendant Ronald Su states, in a sworn declaration, that Alex Wang was never authorized to represent Defendant GHSP in any business transactions, nor was he ever an employee or agent of GHSP. (Affidavit of Ronald Su ¶ 5-6). On the other hand, the Plaintiff states in a sworn declaration that Alex Wang was the Property manager of GHSP and that he directed the preparation of the lease agreement in GHSP's name. (Plaintiff's Decl. ¶ 7-8). The Court finds that there is a genuine factual dispute regarding Wang's authority. On that basis, the Court cannot address this issue through summary judgment.

Although there is a factual dispute regarding Wang's authority, GHSP may be bound by the lease agreement if the Court finds that GHSP subsequently ratified it. The Plaintiff argues that GHSP ratified the lease agreement through its subsequent acts. Under Guam law, "[a]n agency may be created, and an authority may be conferred, by a precedent authorization or a

subsequent ratification." 18 GCA § 20204. "A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof." 18 GCA §20207. The clear language of the statute allows a principal to ratify an unauthorized act of his agent by accepting the benefits of the act after the principal has full knowledge of the act.

The Plaintiff contends that the Defendant GHSP ratified Wang's lease of unit twelve when they accepted and retained the $9,000.00 security deposit that the Plaintiff paid to Wang. The Defendants' primary argument is that "without any evidence that Defendant GHSP actually received any money from Plaintiff, her argument of ratification on the part of Defendant GHSP of Alex Wang's unauthorized conduct by depositing the check must fail." (Defendant's Opp. pg. 5). However, the Defendants produce no evidence or declaration to this effect. Rule 56(e) of the Guam Rules of Civil Procedure (GRCP) requires in part that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Guam R. Civ. P. 56(e).

The Defendants' opposition is not sworn or declared under penalty of perjury, and is therefore inadmissible as evidence. Monolithic Power Systems, Inc. v. O2 Micro Intern, Ltd., 558 F.3d 1341, 1350 (9th Cir. 2009) (attorney's contentions cannot substitute for actual evidence); Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006); Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed. Cir. 1989); and Radich v. Goode, 886 F.2d 1391, 1394 (3rd Cir. 1989) ("An unsworn memorandum [signed by an attorney] opposing a party's

motion for summary judgment is not an affidavit."). The Plaintiff has produced admissible copies of an endorsed $9,000.00 check and GHSP's bank statements to demonstrate that GHSP had full knowledge of the lease agreement and accepted and deposited the $9,000.00 security deposit into their bank account. The Court is also aware that, in their initial answer, the Defendants GHSP and Su admitted to ¶ 17 of the Plaintiff's complaint, which alleged "[a] security deposit of Nine Thousand Dollars ($9,000) was paid by the Plaintiff at the time of execution of the lease agreement . . . and the check was accepted and deposited into GHSP's bank account." The Defendants GHSP and Su failed to produce any evidence to show a disputed issue of fact pertaining to their subsequent acceptance of the benefits of the lease agreement. As a matter of fact and law, GHSP ratified the lease agreement by accepting the $9,000.00 security deposit tendered by the Plaintiff, and therefore the lease agreement is valid.

"A contract is an agreement to do or not to do a certain thing." Title 18 GCA § 85101. Under the lease agreement, the Plaintiff agreed to pay a $9,000.00 security deposit. (Lease Agreement ¶ 7). The Plaintiff also agreed to a monthly rental rate of $4,000.00 (Lease Agreement ¶ 5). The length of the lease was set for five years, beginning on November 20, 2009 through October 31, 2014. (Lease Agreement ¶ 8). The lease agreement also provided that no rental payments were required for the first two months of the lease due to the renovations to be provided by the Plaintiff. (Lease Agreement ¶ 8). The Plaintiff fulfilled all of her obligations under the lease agreement. However, the Plaintiff's access was revoked on December 18, 2009, less than a month after the Plaintiff paid the $9,000.00 security deposit and began renovating the property. On this basis, the Court finds that Defendant GHSP breached the contract by preventing the Plaintiff from accessing unit twelve of the Fountain Plaza as provided in the lease agreement.

## C. Proof of Damages

Under Guam law, "damages" are defined as the amount of money that will compensate a person for an injury or "detriment" sustained to a legal right. 20 GCA §§ 2101-2. These two terms are distinct, as a party may suffer a detriment to a legal right, but may not suffer any appreciable damages, and *vice versa*. In general, a party must suffer an actual and measurable loss before the party may recover damages, even if a legal right has been violated. Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1152-3 (1st Cir. 1992). This general rule has been codified in Guam, particularly pertaining to actions for breach of contract, as 20 GCA § 2202, which states, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." 20 GCA § 2202.

The Plaintiff requests the return of the $9,000.00 security deposit. Under the lease agreement, the Plaintiff agreed to pay a $9,000.00 security deposit. The Plaintiff has provided undisputed evidence to show that Defendant GHSP received and retained the Plaintiff's full payment. The Court finds that Defendant GHSP breached the lease agreement, thus, the Plaintiff is entitled to judgment for the entire amount paid.

The Plaintiff also requests general damages in the amount of $50,000.00, lost business revenue, medical expenses, and pre-judgment and post-judgment interest. Compensatory damages are "intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." Park v. Mobil Oil Guam, Inc., 2004 Guam 20, ¶ 13 (quoting State Farm Mut. Auto Ins. Co. v. Campell, 538 U.S. 408, 416 (2003)). The Plaintiff seeks the amount of $50,000 in addition to lost business revenue, medical expenses, and interest, "according to proof," in order to compensate for sums lost due to the Defendants' breach of contract. (Plaintiff's Complaint pg. 16).

The Plaintiff has only provided evidence as to the security deposit, renovation, and storage expenses. Under the Restatement (Second) of Contracts § 344(b), "[j]udicial remedies serve to protect the promisee's reliance interest, which is his interest in being reimbursed for loss caused by reliance on the contract by being put in as good a position as he would have been in had the contract been made." Restatement (Second) of Contracts § 344(b). The Plaintiff has provided uncontroverted evidence, in the form of receipts, to show that the Plaintiff relied on the validity of the lease and spent a large amount of money renovating the unit. Therefore, the Court finds that the Plaintiff is entitled to the amount spent renovating the unit in reliance on the lease agreement.

Based on the receipts submitted, the Court calculates that the Plaintiff has spent a total amount of $28,958.16 in renovations. The Defendants have not introduced any evidence to refute the Plaintiff's expenses incurred renovating unit twelve in reliance upon the agreement. The Plaintiff further submits that she incurred roughly $4,000.00 in storage costs for the equipment intended for use on the premises. (Plaintiff's Decl. ¶ 15). The Defendants also have not provided any evidence to dispute the Plaintiff's storage costs. Accordingly, the Plaintiff is entitled to these amounts.

However, the Plaintiff has not submitted any evidence as to the difference in the amount calculated and the $50,000.00 sought in Plaintiff's complaint. There is no evidence as to lost business revenue, medical expenses, and emotional distress. Thus, the Court finds that the Plaintiff is only entitled to summary judgment in the amount of the security deposit, the amount spent renovating the unit, and the amount spent on storage costs.

Lastly, the lease agreement provided that "should either party hereto institute any legal action to enforce any provision hereof, the prevailing party in such action shall be entitled to

receive from the losing party such amount as the court may adjudge to be reasonable attorneys' fees." (Lease Agreement ¶ 10.06). Based on GHSP's ratification of the lease agreement, the Court finds that the lease agreement was valid, and that Defendant GHSP breached its contract by refusing to honor the terms of the agreement and by revoking Plaintiff's access to unit twelve. On the basis of this specific lease provision, the Plaintiff is also entitled to reasonable attorney's fees.

## CONCLUSION

After hearing arguments on the motion and considering all of the filings and evidence presented, the Court finds that no genuine issue of material fact exists regarding Defendant GHSP's ratification of the lease agreement. Thus, summary judgment is appropriate for the Plaintiff's claim of breach of contract. The Defendants GHSP and Su ratified the lease agreement by accepting its benefits, rendering the lease agreement valid. Defendants GHSP and Su thereupon breached the contract by refusing the Plaintiff's access to unit twelve. No evidence has been presented regarding the Plaintiff's claims for Fraud and Deceit, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Conversion. Based upon the foregoing, the Motion for Summary Judgment is GRANTED for Plaintiff's claim of Breach of Contract, in the amount of $41,958.16. The Court further awards the reasonable costs and attorney's fees of the Plaintiff incurred in this action.

**IT IS SO ORDERED** this ___JUN 1 9 2012___ .

I do hereby certify that the foregoing
is a full true and correct copy of the
original as filed in the office of the
Clerk of the Superior Court of Guam.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

JUN 1 9 2012

Joleen C. Camacho
Deputy Clerk, Superior Court of Guam